# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 01 C 7142 | DATE | 8/13/2003 |
| CASE TITLE | MENARD, INC. vs. U.S. EQUITIES, et al | | |

MOTION: [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

DOCKET ENTRY:

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion And Order. U.S. Equities' motion to dismiss count XXIV of the amended complaint, Jacobson's motion to dismiss count XXIV of the amended complaint, CGL's motion to dismiss count XXIV of the amended complaint, and SKS's motion to dismiss count XXIV of the amended complaint are denied.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | AUG 1 8 2003 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | 156 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | U.S. DISTRICT COURT CLERK | | |
| | | 03 AUG 17 PM 6:21 | date mailed notice | |
| LG | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

DOCKETED
AUG 18 2003

| | |
|---|---|
| MENARD, INC., d/b/a MENARDS, | )<br>) |
| Plaintiff, | ) Case No. 01 C 7142<br>)<br>) Hon. John W. Darrah |
| v. | ) |
| U.S. EQUITIES DEVELOPMENT, INC., as Contract Manager; B-BROOK EQUITIES, LLC, Manager; B-BROOK and COUNTRYSIDE INDUSTRIES, INC.; DAVID L. JACOBSON &ASSOCIATES, LTD.; COWHEY & GUDMUNDSON LEDGER, LTD.; and SERVICE KONSTRUCTION SUPPLY, INC., | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Menard, Inc., doing business as Menards ("Menards"), originally filed this action in the Circuit Court of Will County against Defendants, U.S. Equities Development, Inc. ("U.S. Equities"); Countryside Industries, Inc. ("Countryside"); David L. Jacobson & Associates, Ltd. ("Jacobson"); Cowhey & Gudmundson Ledger, Ltd. ("CGL"); and Service Konstruction Supply, Inc. ("SKS"). The action was subsequently removed to this Court. U.S. Equities, Jacobson, CGL and SKS subsequently moved to dismiss, pursuant to Federal Rule of Civil Procedure 12(b)(6), certain counts of the complaint against them. Jacobson's, CGL's, and SKS's motions were granted; and U.S. Equities' motion was granted in part. Menards then filed an Amended Complaint, which, among other things, added a new defendant, B-Brook Equities, LLC ("B-Brook").

U.S. Equities, B-Brook, CGL, Jacobson, and SKS have moved, pursuant to Rule 12(b)(6),



to dismiss Count XXIV of the Amended Complaint. In Count XXIV, Menards alleges negligence via the doctrine of *res ipsa loquitur*.

The underlying facts are fully set forth in this Court's previous dispositions. Accordingly, they need not be repeated here.

When considering a motion to dismiss, well-pleaded allegations in the complaint are accepted as true. *Turner/Ozanne v. Hyman/Power*, 111 F.3d 1312, 1319 (7th Cir. 1997). Any ambiguities in the complaint are construed in favor of the plaintiff. *Kelly v. Crosfield Catalysts*, 135 F.3d 1202, 1205 (7th Cir. 1998). Dismissal is proper only when it appears beyond doubt that Plaintiff can prove no set of facts to support the allegations in his or her claim. *Strasburger v. Board of Education*, 143 F.3d 351, 359 (7th Cir. 1998).

"Although the Federal Rules of Civil Procedure do not require a plaintiff 'to set out in detail the facts upon which he bases his claim,'... he must 'set out sufficient factual matter to outline the elements of his cause of action or claim, proof of which is essential to his recovery.'" *Benson v. Cady*, 761 F.2d 335, 338 (7th Cir. 1985) (internal citation omitted). A complaint will not avoid dismissal if it contains "bare legal conclusions" absent facts outlining the basis of the claims. *Perkins v. Silverstein*, 939 F.2d 463, 467 (7th Cir. 1991).

The Defendants[1], except for Countryside, argue that Count XXIV should be dismissed because Menards' other construction project could have been a contributing factor to the damage of the retaining wall, and Menards has failed to plead the required elements under the doctrine of *res ipsa loquitur*.

---

[1] "Defendants" refers to all of the defendants, except for Countryside which has not filed a motion to dismiss Count XXIV.

The doctrine of *res ipsa loquitur* is a type of circumstantial evidence, not a separate legal theory, which allows the inference of negligence when the plaintiff does not know the exact cause of his injury. *Shadley v. WWS Inns, Inc.*, 2002 U.S. Dist. WL 1611651 (N.D. Ill. Jul 18, 2002) (*Shadley*). The *res ipsa loquitur* doctrine involves situations when the thing that caused the injury has been shown to be under the management or control of the person(s) charged with negligence and the occurrence is one that, in the usual course of things, would not have occurred if the person(s) charged with negligence had used suitable care. It is the injury itself that provides reasonable evidence, in the absence of an explanation by the negligently charged party, that it arose from lack of due care. *Metz v. C. Ill. Elec. & Gas Co.*, 32 Ill. 2d 446, 448-449 (1965) (*Metz*).

The doctrine of *res ipsa loquitur* permits the trier of fact to infer negligence if the plaintiff can establish the necessary elements of the doctrine, namely, that (1) the plaintiff was injured in an occurrence that would not have happened in the absence of negligence, and (2) the defendant(s) was in "exclusive control" of the instrumentality or agency which caused the injury. *Dyback v. Weber*, 114 Ill. 232, 238 (1986) (*Dyback*); *Shadley*, 2002 U.S. Dist. WL 1611651. The plaintiff is not required to prove freedom from comparative negligence for the doctrine of *res ipsa loquitur* to apply. *Dyback*, 114 Ill. at 239-240.

A prerequisite to the applicability of the doctrine of *res ipsa loquitur* is that the plaintiff must prove that the defendant(s) had "exclusive control" over the instrumentality that caused the injury. *Rinck v. Palos Hills Consol. High Sch. Dist.*, 82 Ill. App. 3d 856, 862 (1979). While the plaintiff has the burden of proving all of these elements, the proof is not required to be absolute or conclusive. *Wilson v. Mitchell*, 224 Ill. App. 3d 380, 386 (1991).

The defendant's "exclusive control" refers to actual physical control at the time of the injury,

except when the defendant is responsible for the maintenance of a dangerous agency or instrumentality at all times and this responsibility cannot be delegated by agreement, consent or usage. *Metz*, 32 Ill. 2d at 449.

Defendants assert that Menards had taken actual physical control of the wall at the time of the injury to defeat Menards' claim. However, in Count XXIV, Menards alleges that Defendants had exclusive control of the wall "at all relevant times". This allegation sufficiently pleads the exclusive control element of the doctrine of *res ipsa loquitur*. Defendants' factual claim to the contrary is not now before the Court.

Menards has also pled the other primary element required under the doctrine of *res ipsa loquitur*. By alleging that retaining walls do not usually crumble within months after construction in the absence of negligence, Menards has sufficiently pled it was injured in an occurrence that would not have happened in the absence of negligence.

Defendants also argue that Menards' construction of its home improvement center and weather elements remain possible contributing factors to the damage sustained by the retaining wall. The existence of such intervening events may preclude the applicability of the *res ipsa loquitur* doctrine, *see Martino v. Barra*, 10 Ill. App. 3d 97, 102 (1973); but as addressed above, these also are questions of fact, which are not considered in the instant motion.

For the reasons stated above, U.S. Equities' Motion to Dismiss Count XXIV of the Amended Complaint, Jacobson's Motion to Dismiss Count XXIV of the Amended Complaint, CGL's Motion to Dismiss Count XXIV of the Amended Complaint, and SKS's Motion to Dismiss Count XXIV of the Amended Complaint are denied.

John W. Darrah, Judge
United States District Court

Date: Aug. 13, 2003