# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 7142 | **DATE** | 6/10/2004 |
| **CASE TITLE** | Menard's vs. U.S. Equties, et. al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] For the reasons stated in the attached memorandum opinion and order, Konstruction's motion to dismiss Count X is denied and Konstruction's motion to dismiss XII of the third amended complaint is granted. Enter Memorandum Opinion and Order.

(11) ■ [For further detail see order attached to the original minute order.]

| ✓ | No notices required, advised in open court. |
| | No notices required. |
| | Notices mailed by judge's staff. |
| | Notified counsel by telephone. |
| | Docketing to mail notices. |
| | Mail AO 450 form. |
| | Copy to judge/magistrate judge. |
| MF | courtroom deputy's initials |

Date docketed: JUN 14 2004

Document Number: 36

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| MENARD, INC. d/b/a MENARDS | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No: 01 C 7142 |
| COUNTRYSIDE INDUSTRIES, INC.; DAVID L. JACOBSON & ASSOCIATES, LTD.; COWHEY GUDMONDSON LEDER, LTD.; and SERVICE KONSTRUCTION SUPPLY, INC., | ) ) ) ) ) ) ) | Judge John W. Darrah |
| Defendants. | ) | |

DOCKETED JUN 1 4 2004

## MEMORANDUM OPINION AND ORDER

Plaintiff, Menard, Inc., filed suit for problems that arose with a development of a property. Plaintiff alleges, in Count X, that Defendant Service Konstruction (hereinafter "Konstruction") negligently misrepresented information used to construct a retaining wall on the property and, in Count XII, that Konstruction violated the Consumer Fraud Act by concealing information concerning the construction of the retaining wall.

Presently before the Court is Konstruction's Motion to Dismiss Counts X and XII of the Third-Amended Complaint. For the following reasons, the motion is granted in part and denied in part.

## LEGAL STANDARD

In reviewing a motion to dismiss, the court reviews all facts alleged in the complaint and any reasonable inferences drawn therefrom in the light most favorable to the plaintiff. *See Marshall-Mosby v. Corporate Receivables, Inc.*, 205 F.3d 323, 326 (7th Cir. 2000). A plaintiff is

not required to plead the facts or elements of a claim, with the exceptions found in Federal Rule of Civil Procedure 9. *See Swierkiewicz v. Sorema*, 534 U.S. 506, 511 (2002); *Walker v. Thompson*, 288 F.3d 1005, 1007 (7th Cir. 2002). Dismissal is warranted only if "it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). The "suit should not be dismissed if it is possible to hypothesize facts, consistent with the complaint, that would make out a claim." *Graehling v. Village of Lombard, Ill.*, 58 F.3d 295, 297 (7th Cir. 1995).

## BACKGROUND

The facts, for the purposes of this motion, are taken as true from Plaintiff's Third-Amended Complaint. Plaintiff is a Wisconsin corporation that owns retail home-improvement centers. Plaintiff entered into a contract to purchase a retail property to construct a typical "Menards" retail home-improvement center.

Countryside Industries, Plaintiff's general contractor, subsequently contracted with Konstruction to provide the design services for the construction of a retaining wall and the materials. Konstruction further agreed to provide the necessary specifications, calculations drawings, designs, and plans for the retaining wall.

After the retaining wall was built, but before the Menards store was constructed or opened on the property, the retaining wall began to settle, move downward and outward, and bulge and give way. This movement caused damage to the property adjacent to the retaining wall, including the concrete slabs, paving, and landscaping.

2

## ANALYSIS

Konstruction seeks to dismiss Count X of Plaintiff's Third-Amended Complaint, for negligent misrepresentation, and Count XII, for violating the Illinois Consumer Fraud Act, 815 ILCS 505/2.

Konstruction argues Plaintiff's negligent misrepresentation claim should be dismissed because it was previously dismissed from another complaint. Konstruction further argues that Plaintiff fails to state a claim for negligent misrepresentation because Konstruction is not in the business of supplying information. Plaintiff also asserts that it suffered other property damage and has thus stated a claim for negligent misrepresentation.

Under the law-of-the-case doctrine, a court's ruling in a case governs the same issues in subsequent stages of the same case. *Payne v. Churchich*, 161 F.3d 1030, 1037 n.8 (7th Cir. 1998). Here, however, while the same claim has been previously litigated, the same legal issue has not yet been litigated in this case. Plaintiff's claim for negligent misrepresentation in its original complaint alleged that Konstruction was "acting in its trade of business as a subcontractor" when Plaintiff made its alleged negligent misrepresentation. *See Menard, Inc. v. U.S. Equities Dev., Inc.*, 01 C 7142, 2002 WL 314571, at * 5 (N.D. Ill. Feb. 28, 2002) (*Menard*). The Third-Amended Complaint, on the other hand, alleges that Konstruction was acting as a conveyor of information and that, in this capacity, Konstruction was in the business of supplying information. (Third Am. Compl. ¶ 104). Plaintiff's Third-Amended Complaint also alleges that Plaintiff incurred property damages from the failure of the retaining wall. (Third Am. Compl. ¶ 108).

3

"[P]urely economic injury attributable to a negligent misrepresentation is not actionable in Illinois unless the defendant is in the 'business of supplying information for the guidance of others in their business transactions.'" *Decatur Mem'l Hosp. v. Connecticut Gen. Life Ins. Co.*, 990 F.2d 925, 928 (7th Cir. 1993) (quoting *Moorman Mfg. Co. v. Nat'l Tank Co.*, 91 Ill. 2d 69, 89 (1982)). A plaintiff may also state a claim for negligent misrepresentation by alleging that, as a result of the negligent misrepresentation, other property damage has been incurred. *Bd. of Educ. v. A, C, & S, Inc.*, 546 N.E.2d 580, 591-93 (1989).

Here, Plaintiff has alleged that if suffered other property damage as a result of Konstruction's negligent misrepresentation.[1] Therefore, it is unnecessary to resolve whether Plaintiff has alleged Konstruction is in the business of supplying information for the guidance of others in their business transactions. Accordingly, Plaintiff has stated a claim for negligent misrepresentation against Konstruction.

As to Plaintiff's Consumer Fraud Act claim, Konstruction contends that it is barred by the statute of limitations. Konstruction also contends that Plaintiff was not a consumer of Konstruction, and Konstruction's conduct did not implicate consumer protection concerns.

A consumer is "any person who purchases or contracts for the purchase of merchandise not for resale in the ordinary course of his trade or business but for his use or that of a member of his household." 815 ILCS 505/1(e). Corporations are considered persons under the Consumer Fraud Act. 815 ILCS 505/1(c). "The term 'merchandise' includes any objects, wares, goods, commodities, intangibles, real estate situated outside the State of Illinois, or services." 815 ILCS

---

[1] In a Memorandum Opinion and Order issued on the same day as this opinion, it has been found, on motion for summary judgment, that a genuine issue of material fact exists as to whether Plaintiff suffered damage to other property.

4

505/1(b). A plaintiff must either allege a nexus with Illinois consumers or allege it was a consumer of a defendant's merchandise. *See Agfa Corp. v. Wagner Printing Co.*, No. 02 C 2400, 2002 WL 1559663, at *2 (N.D. Ill. July 19, 2002) (*Agfa*).

Konstruction argues that, while Plaintiff was found to be a consumer, *Menard, Inc. v. U.S. Equities Dev.*, No. 01 C 7142, 2002 WL 31050160, at * 6 (N.D. Ill. Sept. 13, 2002), Plaintiff was only found to be a consumer with respect to another entities' merchandise. A plaintiff must be a "consumer" with respect to a defendant's products to be a consumer under the Consumer Fraud Act. *See Agfa*, 2002 WIL 1559663, at *2. Thus, according to Konstruction, Plaintiff is not a consumer with respect to Konstruction.

Here, Plaintiff alleges that it contracted with entities other than Konstruction to build the retaining wall. Plaintiff further contends that these other entities then contracted with Konstruction to provide materials for the retaining wall. However, there are no allegations in the Third-Amended Complaint stating that Plaintiff purchased or contracted to purchase from Konstruction the retaining wall, any services in connection with the retaining wall, or any other merchandise recognized under the Consumer Fraud Act. Based on these allegations, Plaintiff is not a consumer with respect to Konstruction; and Konstruction's motion is granted as to Count XII on this basis.

## CONCLUSION

For the foregoing reasons, Konstruction's Motion to Dismiss Count X is denied; and Konstruction's Motion to Dismiss XII of the Third-Amended Complaint is granted.

Dated: June 10, 2004

JOHN W. DARRAH
United States District Judge