UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MENARD, INC. d/b/a MENARDS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No: 01 C 7142 |
| | ) | |
| COUNTRYSIDE INDUSTRIES, INC.; | ) | Judge John W. Darrah |
| DAVID L. JACOBSON & ASSOCIATES, LTD.; | ) | |
| COWHEY GUDMONDSON LEDER, LTD.; | ) | |
| and SERVICE KONSTRUCTION SUPPLY, | ) | |
| INC., | ) | |
| Defendants. | ) | |
| | ) | |
| COUNTRYSIDE INDUSTRIES, INC.; | ) | |
| DAVID L. JACOBSON & ASSOCIATES, LTD.; | ) | |
| COWHEY GUDMONDSON LEDER, LTD.; | ) | |
| and SERVICE KONSTRUCTION SUPPLY, | ) | |
| INC., | ) | |
| Third-Party Plaintiffs, | ) | |
| v. | ) | |
| | ) | |
| TARCOM CORPORATION and | ) | |
| R.A. BRIGHT CONSTRUCTION, INC., | ) | |
| | ) | |
| Third-Party Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Menard, Inc., filed suit against multiple Defendants, including Countryside Industries, Inc. ("Countryside"); David L. Jacobson & Associates, Ltd. ("Jacobson"); Cowhey Gudmondson Leder, Ltd. ("Cowhey"); and Service Konstruction Supply, Inc. ("Service Konstruction"), for problems that arose with a retaining wall on a real estate development. Plaintiff seeks over $3,500,000.00 in damages from Defendants. Thereafter, these Defendants filed contribution claims against the project's general contractor, Tarcom Corporation

("Tarcom"), and Tarcom's subcontractor, R.A. Bright Construction, Inc. ("R.A. Bright"). Plaintiff, though, never asserted any claims against Tarcom or R.A. Bright.

Subsequently, Tarcom and R.A. Bright filed motions for summary judgment, claiming that prior settlements entered into between Plaintiff, Tarcom, and R.A. Bright prevent Defendants from bringing their contribution claims. These prior settlements, executed in connection with prior state law mechanics' lien filed by Tarcom and R.A. Bright, purported to release all of Plaintiff's claims against Tarcom and R.A. Bright. In exchange, Plaintiff paid Tarcom and R.A. Bright a total of $450,000.00, an amount less than what Tarcom and R.A. Bright originally sought in their mechanics' lien. Plaintiff and Defendants opposed these summary judgment motions.

While the summary judgment motions were pending, Plaintiff, Tarcom, and R.A. Bright entered into another settlement. This time, Tarcom and R.A. Bright agreed to pay Plaintiff a total of $50,000.00 as sole consideration for a full and final release by Plaintiff for all of Tarcom's and R.A. Bright's liabilities in the currently pending action.

Presently before the Court is a joint motion by Plaintiff, Tarcom, and R.A. Bright for a finding of good faith settlement. Under the Illinois Joint Tortfeasor Contribution Act, a defendant may seek contribution from another tortfeasor. 740 ILCS 100/2(a). However, no contribution may be sought from a tortfeasor who settles with the plaintiff in good faith. 740 ILCS 100/2(d).

## ANALYSIS

Defendants argue that the settlement of the mechanics' lien claims was in fact a settlement of the tort action and that, therefore, the proposed settlement in this case is not in good

faith. Tarcom and R.A. Bright deny that the settlement of the lien claims included a settlement of the tort liability in this case. (Interestingly, both sides seem to adopt opposite theories in their briefs on motions for summary judgment regarding this issue).

Defendants argue further that a settlement is not in good faith in that the potential for future liability does not exist. *See Ballweg v. City of Springfield*, 499 N.E.2d 1373, 1380 (Ill. 1986) (*Ballweg*); *Am. Nat'l Bank v. Warner*, 468 N.E.2d 184, 187 (Ill. App. Ct. 1984). According to Defendants, if the prior settlements are valid and extinguish Tarcom's and R.A. Bright's liabilities, then no future liabilities would exist; and the settlement at issue in this motion could not have been made in good faith.

However, "the potential for tort liability exists until the defense is established." *Ballweg*, 499 N.E.2d at 1380 (quoting *Doyle v. Rhodes*, 461 N.E.2d 382, 387 (Ill. 1984)). Here, Tarcom and R.A. Bright have yet to demonstrate that the prior settlement covers this matter and, instead, reached a settlement with Plaintiff, which no party disputes is applicable to this matter. As such, the motions for summary judgment need not be considered before the settlement at issue is considered.

The settling parties must make an initial showing of good faith by: (1) showing the existence of a legally valid settlement agreement and (2) presenting other factual evidence demonstrating that the settlement is fair and reasonable in light of the policies underlying the Contribution Act. *Cotton v. PrivateBank & Trust Co.*, No. 01 C 1099, 2003 WL 22220259, at * 2 (N.D. Ill. Sept. 24, 2003) (*Cotton*); *Johnson v. United Airlines*, 784 N.E.2d 812, 820 (Ill. 2003) (*Johnson*). In determining whether a settlement has been executed in good faith, no single formula exists, *Johnson*, 784 N.E.2d at 821; and the "trial court must consider the totality of the

circumstances surrounding the settlement and seek to balance the two important underlying policies of the Joint Tortfeasor Contribution Act: (1) the promotion of peaceful settlements and (2) the equitable apportionment of the damages," *Cotton*, 2003 WL 22220259, at * 2 (citations omitted).

Simply comparing the amount of the settlement and the amount of damages requested in the complaint will not suffice to determine whether a settlement has been made in good faith. *Johnson*, 784 N.E.2d at 822. Rather, "[t]he amount of a settlement must be viewed in relation to the probability of recovery, the defenses raised, and the settling party's potential legal liability." 784 N.E.2d at 823. Other factors to consider are whether: (1) there was a close, personal relationship between the settling parties, (2) the plaintiff sued the settlor, and (3) a calculated effort was made to conceal information concerning the settlement. *Wregelesworth v. Artco, Inc.*, 740 N.E.2d 444, 449 (Ill. App. Ct. 2000).

In this case, Defendants do not dispute that a legally valid settlement exists. Rather, Defendants argue that the $50,000.00 settlement payment is not adequate in light of the damages Plaintiff seeks because it does not equitably apportion damages among tortfeasors. However, this settlement amount is reasonable in relation to Defendants' probability of recovery and Tarcom's and R.A. Bright's potential legal liabilities. Tarcom and R.A. Bright have provided evidence demonstrating that their actions did not materially contribute to the problems with the retaining wall. Plaintiff has not filed any claims against Tarcom and R.A. Bright. Furthermore, none of Defendants' experts implicate any of Tarcom's or R.A. Bright's conduct as the cause of the failure of the retaining wall.

Moreover, other factors demonstrate the settlement was executed in good faith. First, there is no evidence of a close, personal relationship between the settlor. Second, no evidence exists that a calculated effort exists to conceal information concerning the settlement. Finally, while Service Konstruction now objects to the settlement amount, it previously proposed a package settlement whereby Tarcom and R.A. Bright would contribute a total of $50,000.00.[1]

Defendants also contend that the settlement is not in good faith because it would reduce the amount of set-off Defendants could receive. According to Defendants, the prior purported settlement was for a greater amount and, therefore, would have generated a larger set-off. However, whether the prior purported settlement would have generated a larger set-off is irrelevant to determining whether the settlement at issue was made in good faith. "When a release or covenant not to sue or not to enforce a judgment is given in good faith . . . it reduces the recovery on any claim against the others to the extent of any amount stated in the release or covenant, **or in the amount of consideration actually paid for it, whichever is greater.**" 740 ILCS 100/2(c) (emphasis added). This actual amount in dispute could be later determined.

Based on the above and a full consideration of the totality of the circumstances, the settlement at issue equitably apportions damages between the parties. As such, Plaintiff, Tarcom, and R.A. Bright have met their burden of showing the settlement was entered into in good faith.

Once the settling parties make this initial showing, the burden then shifts to the parties challenging the settlement to prove that good faith is lacking by the preponderance of the evidence. *Cotton*, 2003 WL 22220259, at * 2. "A settlement is not in good faith if it is shown

---

[1] *See* Pl.'s Reply, Aff. of Patrick C. Keely, December 30, 2004.

that the settling parties engaged in collusion, fraud, unfair dealing, or wrongful conduct . . . ." *Cotton*, 2003 WL 22220259, at * 4 (citations omitted). Defendants make general allegations of collusion but present no evidence in this regard.

## CONCLUSION

For the foregoing reasons, the joint motion by Plaintiff, Tarcom, and R.A. Bright for a finding of good faith settlement is granted. Tarcom's and R.A. Bright's summary judgment motions [342-1, 348-1] are dismissed as moot. Cowhey's and Plaintiff's cross-motions for summary judgment [359-1, 387-1] are dismissed as moot. Cowhey's Cross-Motion for Ruling on Previously Filed Motion for Summary Judgment is denied.

Dated: January 24, 2005

JOHN W. DARRAH
United States District Judge