# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| MENARD, INC. d/b/a MENARDS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No: 01 C 7142 |
| ) | |
| COUNTRYSIDE INDUSTRIES, INC. and ) | Judge John W. Darrah |
| DAVID L. JACOBSON & ASSOCIATES, LTD., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Menard, Inc., filed suit against Defendants, Countryside Industries, Inc. ("Countryside") and David L. Jacobson & Associates, Ltd. ("Jacobson"). Thereafter, Countryside asserted a cross-claim for contribution against Jacobson. Presently before the Court is Jacobson's Motion for Judgment on the Pleadings as to Count II of Countryside Industries, Inc.'s Cross-Claim for Contribution; Jacobson contends this claim is barred by the statute of limitations. Countryside received service of the suit on August 10, 2001. On October 5, 2001, Countryside filed an appearance after this matter was removed from Illinois state court. Countryside did not file its cross-claim for contribution until January 25, 2005.

## LEGAL STANDARD

A motion for judgment on the pleadings, pursuant to Federal Rule of Civil Procedure 12(c), applies the same standard as a motion to dismiss brought under Rule 12(b)(6). *E.g.*, *Alexander v. City of Chicago*, 994 F.2d 333, 335 (7th Cir. 1993). The court reviews all facts

alleged in the complaint and any reasonable inferences drawn therefrom in the light most favorable to the plaintiff. *See Marshall-Mosby v. Corporate Receivables, Inc.*, 205 F.3d 323, 326 (7th Cir. 2000). A plaintiff is not required to plead the facts or elements of a claim (with the exceptions found in Federal Rule of Civil Procedure 9, which is not applicable here). *See Swierkiewicz v. Sorema*, 534 U.S. 506, 511 (2002); *Walker v. Thompson*, 288 F.3d 1005, 1007 (7th Cir. 2002). Dismissal is warranted only if "it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). The "suit should not be dismissed if it is possible to hypothesize facts, consistent with the complaint, that would make out a claim." *Graehling v. Village of Lombard, Ill.*, 58 F.3d 295, 297 (7th Cir. 1995).

## ANALYSIS

Because jurisdiction is based upon diversity of the parties, Illinois law controls issues regarding the statute of limitations. *E.g., Thomas v. Guardsmark*, 381 F.3d 701, 707 (7th Cir. 2004). Generally, decisions of a state supreme court are binding on federal courts. *Help at Home, Inc. v. Med. Cap., L.L.C.*, 260 F.3d 748, 753 (7th Cir. 2001) (*Help at Home*). However, if the "state supreme court has not ruled on an issue, decisions of the state appellate courts control, unless there are persuasive indications that the state supreme court would decide the issue differently." *Help at Home*, 260 F.3d at 753 (citation omitted).

Under 735 ILCS 5/13-204(b):

> In the instances where an underlying action has been filed by a claimant, no action for contribution or indemnity may be commenced more than 2 years after the party seeking contribution or indemnity has been served with process in the underlying action or more than 2 years from the time the party, or his or her privy, knew or should reasonably have known of an act or omission giving rise to the action for contribution or indemnity, whichever period expires later.

Because Countryside's cross-claim was filed more than two years after the underlying action was filed by Menard, Inc., its cross-claim is barred under the statute of limitations. *Barragan v. Osman Constr. Corp.*, 815 N.E.2d 842 (Ill. App. Ct. 2004) (*Barragan*), *appeal granted*, 2005 Ill. LEXIS 45 (Ill. Jan 26, 2005). Countryside does not contend that it became aware of new facts concerning the cross-claim within the past two years.

Countryside argues to the contrary, first claiming that although a federal court sitting in diversity applies substantive state law, Federal Rule of Civil Procedure 13 applies here because the time of filing a cross-claim is a procedural issue. Rule 13(f) provides that "[w]hen a pleader fails to set up a counterclaim through oversight, inadvertence, or excusable neglect, or when justice requires, the pleader may by leave of court set up the counterclaim by amendment." However, as discussed above, a federal court sitting in diversity applies state statutes of limitation. The Illinois statute of limitations that governs contribution or indemnity claims is 735 ILCS 5/13-204(b). *See Guzman v. C.R. Epperson Constr., Inc.*, 752 N.E.2d 1069, 1076 (Ill. 2001). Countryside does not provide any authority that Federal Rule of Civil Procedure 13 controls the statute of limitations for contribution claims.

Countryside also contends that, if Illinois law controls, the cross-claim for contribution is not time barred under an "exception" to the statute of limitations, 735 ILCS 5/13-207. That provision provides that "[a] defendant may plead a set-off or counterclaim barred by the statute of limitation, whole held and owned by him or her, the cause of which was owned by the plaintiff or person under whom he or she claims, before such set-off or counterclaim was so barred, and not otherwise." *Barragan* addressed this provision and concluded that 13-207 **does not provide** an exception to 13-204. *Barragan*, 815 N.E.2d at 845-47. Countryside, in support of its contention, cites the dissenting opinion in *Barragan*. While the Illinois Supreme Court has accepted an appeal of *Barragan*, this is not a persuasive indication that the Illinois Supreme Court would reverse the apparently sound reasoning of the majority opinion.

## CONCLUSION

For the foregoing reasons, Jacobson's Motion for Judgment on the Pleadings as to Count II of Countryside Industries, Inc.'s Cross-Claim for Contribution is granted.

Dated: March 7, 2005

JOHN W. DARRAH
United States District Judge

4